# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRANCE JAMES SHAW,

                Plaintiff,

v.

PAUL S. KEMPER, CAPTAIN CHAPMAN, MS. JAGODZINSKI, MICHELLE BONES, DEPUTY WARDEN JOHNSON, SECRETARY LITSCHER, and DEPARTMENT OF CORRECTIONS,

                Defendants.

Case No. 21-CV-303-JPS

**ORDER**

      Plaintiff Terrance James Shaw, a former inmate, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his rights under federal law. ECF No. 1. Plaintiff paid the filing fee in full on March 10, 2021. The Court previously screened Plaintiff's complaint, found that it failed to state a claim, and ordered him to file an amended complaint. ECF No. 10. On June 1, 2022, Plaintiff filed an amended complaint. ECF No. 11. This Order resolves Plaintiff's pending motion to clarify and stating the relief sought, ECF No. 15, and screens his amended complaint.

**1.    SCREENING THE COMPLAINT**

    **1.1    Federal Screening Standard**

      Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

Plaintiff names as defendants Warden Paul S. Kemper ("Kemper"), Captain Chapman ("Chapman"), Librarian Jagodzinski ("Jagodzinski"), Michelle Bones ("Bones"), Deputy Warden Johnson ("Johnson"), Secretary

Litscher ("Litscher"), and the Department of Corrections ("DOC"). ECF No. 11 at 1. Plaintiff alleges that all these defendants excluded him from or denied him access to the prison's law library service program. *Id.* at 5. Plaintiff is a qualified individual under the Americans with Disabilities Act ("ADA") with a disability that requires use of a wheelchair. *Id.*

Plaintiff wrote letters and grievances to Kemper, Chapman, Jagodzinski, Bones, and Johnson that they violated their affirmative duty to make reasonable accommodation for services. *Id* at 4. Jagodzinski, Bones, and Chapman's "acts of impairment" were attempting to interfere with claims against the First Amendment activities that Plaintiff had filed grievances for the failure to accommodate and deny him a service of a general population accommodating cell. *Id.* Plaintiff mentions other pending cases, 21-CV-335 and 18-CV-140, and provides that he needed to file this case before the statute of limitations ran out. *Id.* 4-5. He alleges that he was not in segregation for any disciplinary reason but instead by reason of his disability. *Id.* at 5.

Plaintiff's status in segregation impacted his right to access the courts and created a rule forbidding him to obtain help from other prisoners where there was no way of getting legal assistance. *Id.* Jagodzinski, Bones, and Chapman's individual acts violated his right of access because he could not obtain access to the law library to receive help from a jailhouse lawyer/prisoner. *Id.*

### 1.3   Analysis

First, Plaintiff may proceed on ADA and Rehabilitation Act ("RA") claims against DOC. To state a claim for violations of the ADA, Plaintiff must allege that he is "a qualified individual with a disability, that he was denied the benefits of the services, programs, or activities of a public entity

or otherwise subjected to discrimination by such entity, and that the denial or discrimination was by reason of his disability." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (citations and quotations omitted). The RA is "functionally identical." *Id.* It requires Plaintiff to allege that "(1) he is a qualified person (2) with a disability and (3) the [state agency] denied him access to a program or activity because of his disability." *Jaros v. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012).

"[B]ecause the ADA addresses its rules to employers, places of public accommodation, and other organizations, not to the employees or managers of these organizations," a plaintiff may not sue defendants in their individual capacities – the proper defendant is the organization, or the individual in his or her official capacity. *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000) (overruled on other grounds). Like the ADA, the RA has been interpreted to preclude suits against officials in their individual capacities. *See Boston v. Dart*, 2015 WL 4638044, at *2 (N.D. Ill. Aug. 4, 2015) (citing *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 624, 644 (7th Cir. 2015)). DOC is a proper defendant to these claims, as that is the "public entity" that administers the programs and benefits to which he seeks access and is the entity that would be responsible for providing him with a reasonable accommodation. *See* 42 U.S.C. §§ 12131(1)(B) & 12132; 29 U.S.C. § 794; Wis. Stat. § 301.04 (providing that DOC may sue and be sued).

The Court finds that Plaintiff may proceed on ADA and RA claims against DOC. Plaintiff sufficiently alleges that his is qualified individual with a disability based on his need for use of a wheelchair. He further alleges that DOC denied him access to the law library because of his disability. At the pleading stage, the Court finds that Plaintiff may proceed on ADA and RA claims against DOC.

Second, Plaintiff may not proceed on an access to courts claim. The Constitution guarantees prisoners a right of access to the courts. *Lewis v. Casey,* 518 U.S. 343, 350–51 (1996). But because that right is to access the *courts* rather than legal materials or law libraries, an inmate will not have a valid claim unless the prison authorities' conduct prejudiced a potentially meritorious challenge to his conviction, sentence, or conditions of confinement. *Ortiz v. Downey,* 561 F.3d 664, 671 (7th Cir. 2009); *Bridges v. Gilbert,* 557 F.3d 541, 553 (7th Cir. 2009); *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006).

The point of recognizing an access to the courts claim "is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher v. Harbury,* 536 U.S. 403, 414–15 (2002). The constitutional right of access to court "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415; *see also Lewis,* 518 U.S. at 353 (plaintiff must identify a "nonfrivolous," "arguable" underlying claim). Accordingly, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Harbury,* 536 U.S. at 415.

Here, Plaintiff's amended complaint does not meet the basic requirements for an access to courts claim. Plaintiff pleads only vague facts that he had pending cases; he does not elaborate with any detail as to how his alleged inability to access courts caused him any specific injury. Accordingly, he has not pled an essential element of an access to the courts claim. Plaintiff may amend his complaint, in accordance with the Court's forthcoming scheduling order, to the extent he can cure the deficiencies identified in this Order.

## 2. MOTION TO APPOINT COUNSEL

On July 22, 2022, Plaintiff filed a motion to clarify and stating the relief sought, ECF No. 15, which the Court liberally construes as a second motion to appoint counsel.

As a civil litigant, Plaintiff has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). However, under 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." A court should seek counsel to represent a plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Whether to appoint counsel in a particular case is left to a court's discretion. *James*, 889 F.3d at 326; *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018).

The Court previously denied Plaintiff's motion to appoint counsel on May 16, 2022. ECF No. 10. Plaintiff continues to seek counsel, and the Court will not reiterate its previous analysis. In his new filings, Plaintiff provides information that he is now without his former prisoner legal aide who previously assisted with his filings. He maintains that he is unable to represent himself because his mental capacity has now progressed to moderate cognitive impairment. *See* ECF Nos. 15.

Plaintiff's additional information does not change the conclusion the Court reached in its previous order denying Plaintiff the appointment of counsel. It is true, as Plaintiff intuits, that a lawyer would be helpful in navigating the legal system. But Plaintiff's lack of legal training brings him in line with practically every other prisoner or former prisoner litigating in

this Court. Thus, ignorance of the law or court procedure is generally not a qualifying reason for appointment of counsel. Plaintiff's filings, without the aid of a prisoner legal assistant, have communicated his position to the Court. It is further unclear why Plaintiff's current location outside prison would render him unable to fact-find and interview witnesses; on the contrary, confined prisoners typically have more difficulty with this aspect as their movement is necessarily restricted by imprisonment. Plaintiff may now have access to free online legal resources (at either a public library or community center), such as https://scholar.google/ which permits searches of federal case law, and to law libraries, including the one at the Milwaukee federal courthouse. Plaintiff may also seek limited assistance from the Eastern District of Wisconsin Bar Association Federal Legal Assistance Program. Plaintiff may start this process by completing the online form at https://edwba.org/form.php?form_id=15. Although Plaintiff has previously indicated he does not have a driver's license and is wheelchair bound, forms of accessible public transportation may be available to Plaintiff.

As such, the Court will deny Plaintiff's second motion to appoint counsel. Finally, the Court additionally notes that Plaintiff has secured counsel in one of his other cases currently pending before this Court. *See Shaw v. Kemper*, Case No. 21-CV-49 JPS. It may be worthwhile for Plaintiff to explore whether these attorneys could offer assistance or otherwise refer counsel.

3.   **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** ADA claim against the DOC.

**Claim Two:** RA claim against the DOC.

The Court will dismiss Defendants Kemper, Chapman, Jagodzinski, Bones, Johnson, and Litscher for the failure to state a claim against them.

Defendant should take note that, within forty-five (45) days of service of this Order, it is to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to clarify and stating the relief sought, ECF No. 15, liberally construed as a second motion to appoint counsel, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendants Kemper, Chapman, Jagodzinski, Bones, Johnson, and Litscher be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the amended complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendant Department of Corrections;

**IT IS FURTHER ORDERED** that under the informal service agreement, Defendant shall file a responsive pleading to the amended complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendant raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service; and

**IT IS FURTHER ORDERED** if Defendant contemplates a motion to dismiss, the parties must meet and confer before the motion is filed. Defendant should take care to explain the reasons why it intends to move

to dismiss the amended complaint, and Plaintiff should strongly consider filing a second amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendant files a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

Dated at Milwaukee, Wisconsin, this 23rd day of January, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge